RECEIVED
IN LAKE CHARLES, LA
MAY 2 4 2012
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:11 cr 00281-001 |
| VS. | : | JUDGE MINALDI |
| DERRICK D. PERKINS | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court are the defendant's objections to the Presentence Report ("PSR") prepared by the Probation Department.

Several of the objections have no impact on the calculation of the guideline range and therefore do not require a ruling by the court. (See objections numbered 1, 2, 3, 4, 5, 7 and 8).

In objection number 6, the defendant objects to the increase of the offense level for the possession of a dangerous weapon during the commission of the offense. The record supports this enhancement. In the Stipulated Factual Basis for the Guilty Plea, it says "Agents recovered a .40 caliber Ruger pistol, with serial number 340-5683, under the defendant's bed, and a pistol-gripped Mossberg 12 gauge shotgun, with serial number T463209, in the livingroom closet."

The defendant pleaded guilty to possession with intent to distribute marijuana and the evidence shows that firearms were found in close proximity to the drugs, therefore a sufficient spatial and temporal nexus between the weapons, the drug activity, and Perkins exists to apply §2D1.1(b)(1). Perkins will be given an opportunity to prove that it was clearly improbable that the firearms were connected to his offense. Absent such a showing, the enhancement will stand. *United*

*States v. Cooper,* 274 F.3d 230, 246 (5th Cir.2001) ( n. 8 explaining that, once the government has established a temporal and spatial relationship between the weapon, the drug-trafficking activity, and the defendant, the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected to the offense). *United States v. Ordonez,* 286 Fed.App'x. 224, 232, 2008 WL 3244250, 6 ( 5th Cir. 2008).

In objection 9, the defendant asserts that the Total Offense Level should be reduced by two, following the objection stated above. Unless the defendant meets his burden of proof establishing that it was clearly improbable that the firearms were connected to his offense, this objection will be overruled.

Lake Charles, Louisiana, this 24 day of May, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE